McCarthy, J.P., Egan Jr., Devine, Mulvey and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of JAMES BROWN, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents. [63 NYS3d 911]—

Appeal from a judgment of the Supreme Court (Ceresia, J.), entered January 9, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding challenging his transfer to a double-bunking correctional facility and seeking to compel respondents to comply with a prior

---

by this Court on appeal (*Matter of David ZZ. v Michael ZZ.*, 151 AD3d 1339 [2017]).

administrative determination that allegedly found him to be unsuitable for double-bunk housing. Supreme Court granted respondents' motion to dismiss the petition as moot inasmuch as petitioner had been transferred to a correctional facility with only single-housing cells. This appeal ensued.

We are unpersuaded by petitioner's contention that the circumstances fall within the exception to the mootness doctrine. His assertion that he could be moved to a double-bunking facility in the future is speculative and, in any event, could be challenged through the grievance process (*see Matter of Johnson v Goord*, 289 AD2d 625, 625 [2001], *appeal dismissed and lv denied* 97 NY2d 723 [2002]). Petitioner's remaining contention and request for further relief have been reviewed and found to be without merit.

Egan Jr., J.P., Lynch, Rose, Aarons and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.